UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TODD MILES BUNTING,

    Plaintiff,

v.

CITY OF MIDLAND POLICE
DEPARTMENT and
CITY OF MIDLAND,

    Defendants.
_____/

CASE NO. 05-CV-10116

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

I.    **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be ***SUA SPONTE DISMISSED WITH PREJUDICE*** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

II.    **REPORT**

    A.    Introduction

On April 28, 2005, this *pro se* case was referred to the undersigned Magistrate Judge for general case management by United States District Judge David M. Lawson. Plaintiff's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915 was granted on May 4,

---

[1] In the event that this Report and Recommendation is adopted, the following pending motion will be moot: Plaintiff's Motion for Appointment of Counsel (Dkt. 5.)

2005. After screening the *pro se* complaint as required by the statute governing *in forma pauperis* ("IFP") actions, I conclude that the case is ready for Report and Recommendation.

**B.     Screening Provision**

When a plaintiff is proceeding IFP, the following statute requires the Court to *sua sponte* review the case:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . . .
> (B)  the action or appeal--
>
> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Sixth Circuit has instructed that this provision requires a district court to screen all IFP cases and to *sua sponte* dismiss those that are frivolous or fail to state a claim for relief. *Porter v. Soice*, 24 Fed. Appx. 384, 386 (6th Cir. 2001); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989).

When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to

a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint nevertheless must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

**C.   Discussion**

Plaintiff alleges in his *pro se* complaint that his civil rights were violated on April 28, 2002, when two police officers from the City of Midland Police Department in Midland, Michigan, damaged his pick-up truck and used excessive force while arresting him.

A civil rights claim brought under 42 U.S.C. § 1983 consists of two essential elements: (1) the defendant was a person acting under the color of state law; and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States of America. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir.1996). Both elements must be satisfied as to each defendant. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir.1991).

In this case, the two defendants are the City of Midland and the City of Midland Police Department. Settled law provides that municipalities can be held liable under § 1983 only where the action of the municipality itself can be said to have caused the harm, as when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Social Services*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To attach such liability to the municipality, a plaintiff must allege "a direct causal link between the custom and the constitutional deprivation," *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 508 (6th Cir. 1996), by

identifying the policy, connecting the policy to the municipality, and showing that the particular injury was incurred because of the execution of that policy. *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993).

Here, Plaintiff has entirely failed to allege that his rights were violated due to a policy or custom of the City of Midland, and therefore has failed to meet this requirement. The City of Midland cannot be sued merely on the theory that it employed a person or persons who violated Plaintiff's civil rights. *Monell*, 436 U.S. at 691 ("a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). Furthermore, the City of Midland Police Department is not a proper defendant because, in Michigan, a police department is not a legal entity capable of being sued. *See Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) ("the police department is not a legal entity against whom a suit can be directed"); *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.,* 803 F. Supp. 1251, 1256 (E.D. Mich. 1992) (same); *Moomey v. Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980) (same).

For these reasons, I suggest that this case be *sua sponte* dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are

advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                       s/ *Charles E. Binder*
                                                      CHARLES E. BINDER
Dated: May 6, 2005                           United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Todd Miles Bunting and Honorable David M. Lawson.

Dated:  May 6, 2005                        By        s/Mary E. Dobbick
                                                      Secretary to Magistrate Judge Charles E. Binder