UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TODD MILES BUNTING,

               Plaintiff,               Civil No. 05-10116-BC
v.                                       Honorable Thomas L. Ludington
                                                Magistrate Judge Charles E. Binder
PATRICK HANSEN, DAVID McCARGER,
and KAREN TOMICEK,

               Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S OBJECTIONS, AND REFERRING CASE TO
MAGISTRATE JUDGE**

    This matter is before the Court on the plaintiff's objections to a report issued by Magistrate Judge Charles E. Binder on May 6, 2005, recommending that the plaintiff's complaint be *sua sponte* dismissed because it failed to state a claim upon which relief could be granted. The magistrate judge reasoned:

> In this case, the two defendants are the City of Midland and the City of Midland Police Department. Settled law provides that municipalities can be held liable under § 1983 only where the action of the municipality itself can be said to have caused the harm, as when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978). To attach such liability to the municipality, a plaintiff must allege "a direct causal link between the custom and the constitutional deprivation," *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 508 (6th Cir. 1996), by injury was incurred because of the execution of that policy. *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993).
>
> Here, Plaintiff has entirely failed to allege that his rights were violated due to a policy or custom of the City of Midland, and therefore has failed to meet this requirement. The City of Midland cannot be sued merely on the theory that it employed a person or persons who violated Plaintiff's civil rights. *Monell,* 436 U.S. at 691 ("a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."). Furthermore, the City of Midland Police Department

>is not a proper defendant because, in Michigan, a police department is not a legal entity capable of being sued. *See Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) ("the police department is not a legal entity against whom a suit can be directed")

R & R at 3-4.

In his objections, the plaintiff notes that he will file an amended complaint. The amended complaint, which the plaintiff filed on May 13, 2005, omits the institutional defendants, the only flaw in the complaint noted by the magistrate judge. The Court therefore adopts the magistrate judge's report under the circumstances that existed at the time, but will accept the plaintiff's amended complaint provided he properly serves the named defendants. The Court will also refer the case to magistrate judge for further proceedings in accordance with this Court's previous general order of reference.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED**, the plaintiff's objections [dkt # 7] are **OVERRULED** as moot in light of the amended complaint, and the matter is **REFERRED** to the magistrate judge for any necessary pretrial proceedings.

It is further **ORDERED** that defendants City of Midland and the Midland Police Department are **DISMISSED** as parties to this action.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 11, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2007.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS