**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

TODD MILES BUNTING,

    Plaintiff,                          CASE NO. 05-CV-10116

v.                                       DISTRICT JUDGE THOMAS LUDINGTON
                                        MAGISTRATE JUDGE CHARLES E. BINDER

PATRICK HANSEN,
DAVID McCARGER, and
KAREN TOMICEK,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO RULE 41(b) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.    REPORT**

    **A.    Procedural Background**

Plaintiff applied for *in forma paueris* status on April 20, 2005. (Dkt. 1.) He was granted that status on May 4, 2005. (Dkt. 3.) Plaintiff filed his *pro se* complaint and an application for appointment of counsel on May 4, 2005. (Dkt. 4 and 5.) I recommended that the complaint be *sua sponte* dismissed on May 6, 2005, for failure to state a claim upon which relief could be granted. (Dkt. 6.) Plaintiff then filed an amended *pro se* complaint on May 13, 2005 (Dkt. 8) and alleged that Defendants were assaultive and used excessive force in violation of 42 U.S.C. § 1983. On

April 28, 2005, U.S. District Judge David M. Lawson referred the case to the undersigned Magistrate Judge for pretrial case management. (Dkt. 2.)

On October 24, 2005, the Court received and docketed a notice of change of address from Plaintiff. (Dkt. 9.) This address has been the address used from that time forward. On January 17, 2007, an Order Directing the U.S. Marshal's Service to serve the Amended Complaint on Defendants Hansen, McCarger and Tomicek was entered. (Dkt. 12.) On January 23, 2007, a copy of the Order Directing Service was returned as undeliverable to Plaintiff. (Dkt. 13.) Defendants answered the amended complaint with affirmative defenses on February 16, 2007, and amended the same on February 19, 2007. (Dkt. 19 and 20.) Defendants filed a Certificate of Service on February 20, 2007. (Dkt. 21.) Defendants then filed a Motion to Dismiss on February 27, 2007. (Dkt. 22.) On March 12, 2007, a return of service of the Motion to Dismiss (Dkt. 22,) was returned unexecuted as the mail to Plaintiff has been declared undeliverable. (Dkt. 23 and 24.)

The court has received no communication from Plaintiff since October 24, 2005. (Dkt. 9.)

**B.     Discussion**

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court

2

. . . ." FED. R. CIV. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Defendants have already encountered significant expense in filing a substantive motion to dismiss and are entitled to a reasonably expeditious resolution of this dispute. (Dkt. 22.) Plaintiff is aware of the mechanism to provide the court with any change of address since he was able to do so on October 24, 2005; yet, he has failed to do so. (Dkt. 9.) In addition, Plaintiff's failure to further communicate at all regarding the status of his case since that time (nearly a year and one-half) reveals a lack of interest on his part. Although disposition on the merits is preferable, the court cannot pursue Plaintiff's cause of action for him. Further, I suggest it would be futile to attempt to warn Plaintiff of this action since all mail sent to Plaintiff is returned as

undeliverable. Therefore, I find that Plaintiff has failed to actively pursue the litigation that he initiated, and I recommend that the case be *sua sponte* dismissed for failure to prosecute.

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(C). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                    s/ *Charles E. Binder*
                                                    CHARLES E. BINDER
Dated: March 21, 2007                          United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Audrey Forbush, and on Todd Bunting by first class mail.

Date:  March 21, 2007          By     s/Patricia T. Morris
                                                          Law Clerk to Magistrate Judge Binder