UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TODD MILES BUNTING,

        Plaintiff,

v.

        Case Number 05-cv-10116
        Honorable Thomas L. Ludington

MIDLAND POLICE DEPARTMENT et al.,

        Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN**

On May 4, 2005, Plaintiff Todd Bunting filed a pro se complaint against Defendants Midland Police Department, Patrick Hansen, David McCarger, and Karen Tomicek. On May 6, 2005, Magistrate Judge Charles Binder recommended that the complaint be dismissed sua sponte for failure to state a claim upon which relief could be granted. The following week, Plaintiff filed an amended pro se complaint. The amended complaint withdrew the Midland Police Department as a defendant, instead bringing claims against the three individuals previously identified — Hansen, McCarger, and Tomicek — and alleging that they used excessive force in violation of 42 U.S.C. § 1983. In October 2005, the Court received and docketed a notice of change of address from Plaintiff. Seventeen months passed without any communication from Plaintiff. During that time, Defendants had answered and moved to dismiss. And service of Defendants' pleadings on Plaintiff was returned as undeliverable.

On March 21, 2007, Judge Binder issued a report and recommendation recommending that the complaint be dismissed for failure to prosecute. Noting that the Court had received no communication from Plaintiff since October 2005, Judge Binder observed that Defendants had

already encountered significant expense in filing a substantive motion to dismiss and were entitled to a reasonably expeditious resolution of this dispute. No objections to the report and recommendation were received. Accordingly, on May 31, 2007, the case was dismissed for lack of prosecution. A little less than five years passed.

On March 20, 2012, Plaintiff filed a notice of change of address and a requeset to reopen the case. ECF No. 28. Plaintiff provides no explanation for his lack of prosecution, writing simply that "at this time [I] do wish to re-open said case." Seventy-seven months have passed since Plaintiff last communicated with the Court. Almost five years have passed since the case was dismissed for lack of prosecution. To the extent that Plaintiff is seeking reconsideration of the Court's previous order dismissing the case, the local rules of Court require a motion for reconsideration be filed within fourteen days of entry of the order. Plaintiff's motion is not timely. E.D. Mich. L.R. 7.1(h). Additionally, the local rules provide, to be entitled to reconsideration,"[t]he movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id*. Plaintiff has not identified a defect, much less shown how correction would result in a different disposition.

Accordingly, it is **ORDERED** that Plaintiff's motion to reopen (ECF No. 28) is **DENIED**.

                                                 s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

Dated: March 26, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means Todd Miles Bunting at 6240 N. 63rd Avenue, #130, Glendale, AZ 85301 by first class U.S. mail on March 26, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS